Adam Hosmer-Henner (NSBN 12779)
McDONALD CARANO LLP
100 West Liberty Street, Tenth Floor
Reno, Nevada 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com

Serrin Turner (*pro hac vice* to be filed)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10022-4834
(212) 906-1200
serrin.turner@lw.com

*Attorneys for Defendant Caesars Entertainment, Inc.*

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DEBORAH GORDON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAESARS ENTERTAINMENT, INC.,<br><br>Defendant. | Case No.: 2:26-cv-01150<br><br>**NOTICE OF REMOVAL OF DEFENDANT CAESARS ENTERTAINMENT, INC.**<br><br>*From the Eighth Judicial District, Clark County Nevada*, Case No. A-26-940402-C |

**TO THE CLERK OF COURT, PLAINTIFF, AND COUNSEL OF RECORD:**

1. **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Caesars Entertainment, Inc. ("Caesars"), through its undersigned counsel, hereby removes Case No. A-26-940402-C, currently pending in Dept. 24 of the Eighth Judicial District Court, Clark County, Nevada (the "Action") to the United States District Court for the District of Nevada under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)—with a reservation of all defenses and rights. The removal of this action terminates all proceedings in the Eighth Judicial District Court, Clark County, Nevada. *See* 28 U.S.C. § 1446(d).

/ / /

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

2. For the sole and limited purpose of establishing the basis of this Court's jurisdiction over the Action, Caesars assumes Plaintiff's allegations as true—but Caesars otherwise denies the allegations or any liability in this case. At the appropriate time, Caesars intends to move to dismiss Plaintiff's claims under Rule 12 of the Federal Rules of Civil Procedure.

## I. REMOVAL IS TIMELY

3. On February 26, 2026, Plaintiff Deborah Gordon ("Plaintiff") filed a complaint ("Complaint"), individually and on behalf of a putative class, in the Eighth Judicial District, Clark County, Nevada, captioned *Deborah Gordon v. Caesars Entertainment, Inc.*, Case No. A-26-940402-C. A copy of the Complaint is attached hereto as **Exhibit A**.

4. Plaintiff provided Caesars with the Summons and Complaint on March 6, 2026, and on March 13, 2026, counsel for Caesars executed a waiver for the requirement of formal service. Therefore, the deadline to file this Notice of Removal is April 13, 2026 under 28 U.S.C. § 1446(b), rendering this Notice of Removal timely as filed. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that a defendant's time to remove is "triggered by simultaneous service of the summons and complaint" but not by mere receipt of the complaint unattended by any formal service"). This Notice of Removal will be served on Plaintiff via first class mail (with courtesy copies sent to Plaintiff's counsel via email). A Notice of Removed Action will also be filed in the Eighth Judicial District Court as soon as this Notice of Removal has been filed in this Court, which will be electronically served on Plaintiff's counsel. In compliance with 28 U.S.C. § 1446(a), Caesars will file copies of all process, pleadings, and orders served upon it in this case with the appropriate verification of authenticity.

## II. FACTUAL AND PROCEDURAL BACKGROUND

5. Caesars is a gaming and hospitality company that operates casino properties, retail and online sports betting, online gaming, hotels, restaurants, entertainment venues, retail shops, and services in various locations, including Clark County, Nevada.

6. Plaintiff's Complaint arises out of a security incident resulting from a social engineering attack on an outsourced IT support vendor used by Caesars (the "Security Incident"). Plaintiff alleges that she was a "Caesars Reward member" and that she "regularly gambled with

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

Caesars in person and stayed at Caesars resorts, at which time Caesars regularly collected her PII." Compl. ¶ 13. She further alleges that she was "required to entrust Caesars with her PII, including her name, address, driver's license number, date of birth, and other data," and that "Caesars received and maintains the information [she] was required to provide to obtain her Caesars Rewards membership." *Id.* ¶ 14.

7. Plaintiff alleges that she was notified of the Security Incident by Caesars and that it affected "her PII"—including "her name, date of birth, driver's license number, Social Security number, and other data contained in Caesars' database." *Id.* ¶ 15.

8. Plaintiff alleges that as a result of the data breach, she has lost "significant time" attempting to mitigate the impact of the Security Incident, has had to "change multiple credit card numbers," has "incurred late fees and/or declined payment fees as a result of failed automatic payments on these cards," and has experienced "an increase in spam calls, texts, and/or emails, as well as receiving notifications that her PII was located on the dark web." *Id.* ¶¶ 16-20.

9. Plaintiff purports to bring the action on behalf of herself and a putative class consisting of "[a]ll residents of California whose PII was accessed in" the Security Incident. *Id.* ¶ 123. She alleges that "Plaintiff and Class Members[] were members of [Caesars'] gaming and entertainment services and/or members of [Caesars'] Rewards program," *id.* ¶ 7, and that she "seeks to remedy [] harms on behalf of herself and all similarly situated consumers whose PII was stolen in the" Security Incident. *Id.* ¶ 12.

10. Plaintiff's Complaint asserts claims against Caesars for alleged violations of: (1) the California Consumer Privacy Act ("CCPA"), Cal. Civ. Code §§ 1798.100, as amended, and (2) the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* Compl. ¶¶ 133-168.

11. As Plaintiff's counsel is well aware, other putative class action complaints relating to the Security Incident have been filed against Caesars. Over a dozen such cases were filed, transferred, or removed to the District of Nevada beginning in September 2023, where they have since been consolidated and remain pending in the action styled *In re: Data Breach Security Litigation Against Caesars Entertainment, Inc.*, 2:23-cv-01447-ART-BNW (the "Consolidated Action"). In the Consolidated Action, the plaintiffs—represented by the same counsel as Plaintiff in this Action—are

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

pursuing a range of claims against Caesars relating to the Security Incident, including a recently added claim alleging violations of the CCPA that mirrors Plaintiff's CCPA claim in this Action. Indeed, Plaintiff would appear to be a member of the proposed class in the Consolidated Action. *See* Consolidated Class Action Compl., *In re: Data Breach Security Litigation*, 2:23-cv-01447-ART-BNW, at ¶¶ 308, 312 (D. Nev. July 29, 2024), Dkt. 81 (alleging that Plaintiffs seek certification of a nationwide class of "[a]ll persons residing in the United States whose PII was accessed in the Data Breach," or in the alternative, certification of statewide classes, including a California Subclass of "[a]ll residents of California whose PII was accessed in the Data Breach"); Proposed Amended Compl., *In re: Data Breach Security Litigation*, 2:23-cv-01447-ART-BNW, at ¶¶ 301, 305 (D. Nev. Feb. 12, 2026), Dkt. 195-1 (same). Accordingly, given the significant factual and legal overlap between this Action and the federal Consolidated Action, Caesars intends to immediately request that this Action be consolidated with the existing cases in the Consolidated Action upon removal.

## III. THIS COURT HAS JURISDICTION PURSUANT TO CAFA

12. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453, because this Court has original diversity jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

13. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This action is a putative "class action" under CAFA, as Plaintiff "brings this action on [her] own behalf and on behalf of all natural persons similarly situated" under Section 382 of the California Code of Civil Procedure, Compl. ¶ 122. Accordingly, it is a "civil action filed under . . . [a] State statute or rule . . . authorizing an action to be brought by 1 or more representative persons as a class action."[1] *See* 28 U.S.C. § 1332(d)(1)(B).

/ / /

[1] While Plaintiff alleges that she brings this case as a class action pursuant to Section 382 of the California Code of Civil Procedure, Compl. ¶ 122, and pleads allegations related to subject matter jurisdiction and venue under California state law, Compl. ¶¶ 24-25, it is not clear how or why California procedural rules should or would govern proceedings in a Nevada court. In any event, the result is nevertheless the same under CAFA, since this action is brought by one or more persons as a class action, regardless of what state procedural rules would apply were it to remain in state court. *See* 28 U.S.C. § 1332(d)(1)(B).

14. CAFA extends a federal district court's original diversity jurisdiction to any civil action styled as a class action in which: (1) "the number of members of all proposed plaintiff classes in the aggregate" is 100 or more; (2) "the matter in controversy" reached by aggregating all the individual putative class members' claims "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant" or "any member of a class of plaintiffs is . . . a citizen or subject of a foreign state and any defendant is a citizen of a State" (i.e., minimal diversity is satisfied). 28 U.S.C. § 1332(d)(2), (d)(5)(B), (d)(6).

15. A notice of removal "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020) (same). It need only provide "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), containing "plausible allegation[s]" that the jurisdictional requirements of CAFA are satisfied, *Dart Cherokee*, 574 U.S. at 89. While Caesars denies liability as to Plaintiff's claims and denies that this matter should proceed at all, let alone as a class action, each of the jurisdictional requirements of CAFA is satisfied here.[2]

**A. The Putative Class Exceeds 100 Members**

16. The Complaint meets CAFA's requirement that the putative class exceed 100 class members. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff's putative class is described broadly as "[a]ll residents of California whose PII was accessed in" the Security Incident. Compl. ¶ 123. And Plaintiff alleges in the Complaint that the class includes "at least thousands of Class Members." *Id.* ¶ 126.

17. Based on these allegations alone, CAFA's requirement that the putative class exceed 100 members is readily satisfied. *See, e.g.*, *Rush v. Nutrex Res., Inc.*, No. C 12-01060 LB, 2012 WL 2196144, at *3 (N.D. Cal. June 13, 2012) (finding CAFA jurisdiction proper where plaintiff alleged

[2] In particular, Caesars disputes that Plaintiff has plausibly alleged any actual injury that can be attributed to the Security Incident. Nonetheless, Caesars acknowledges that the court in the Consolidated Action denied Caesars' motion to dismiss for lack of standing and held that it does have Article III jurisdiction over the matter. *See In re: Data Breach Security Litigation Against Caesars Entertainment, Inc.*, 2:23-cv-01447-ART-BNW, Dkt. 133 (order denying motion to dismiss). Caesars is proceeding here subject to that decision, without prejudice to renewing its arguments as appropriate, following discovery.

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

"hundreds to thousands of putative class members"); *Feinberg v. Azoogleads, US, Inc.*, No. C 09-02314 JW, 2009 WL 10695726, at *2 n.3 (N.D. Cal. Nov. 3, 2009) ("CAFA's class-size requirement is satisfied because the Complaint alleges that the class is estimated to have thousands of individuals and other entities.").

**B. There Is Minimal Diversity Among the Parties**

18. To establish federal jurisdiction under CAFA, a defendant must show only that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "CAFA was intended to strongly favor federal jurisdiction over interstate class actions." *King v. Great Am. Chicken Corp., Inc.*, 903 F.3d 875, 878 (9th Cir. 2018). Removal therefore is proper when even one proposed class member is a citizen of a state different from a defendant's state of citizenship. *See id.* at 877; *see also Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant.").

19. Caesars is a Delaware corporation with its principal place of business in Reno, Nevada. Compl. ¶ 23. Caesars is therefore a citizen of Delaware and Nevada for purposes of diversity jurisdiction. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." (quoting 28 U.S.C. § 1332(c)(1))).

20. According to the Complaint, "Plaintiff Deborah Gordon is a citizen and resident of the state of California." Compl. ¶ 13.

21. The Complaint further defines a proposed class consisting of "[a]ll residents of California whose PII was accessed" in the Security Incident. *Id.* ¶ 123. Thus, in addition to Plaintiff Deborah Gordon, all members of the putative class are or were citizens of a state other than Delaware or Nevada. *See Ehrman v. Cox Comms., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("A party's allegation of minimal diversity may be based on 'information and belief'" and "need not contain evidentiary submissions." (citations omitted)); *see also Rosas v. Carnegie Mortg., LLC*, No. CV 11-7692 CAS, 2012 WL 1865480, at *5 (C.D. Cal. May 21, 2012) (where plaintiff alleges a nationwide class, "minimal diversity necessarily exists").

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

22. Diversity of citizenship thus exists between Plaintiff and Caesars, as well as between members of the proposed class and Caesars. This removal factor is therefore satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

**C. The Amount in Controversy Exceeds $5 Million**

23. As an initial matter, Caesars denies that Plaintiff or members of the putative class are entitled to the damages that Plaintiff seeks here. For purposes of this Notice of Removal, what matters is what is alleged, not what the putative class is actually entitled to—and by that standard, the amount-in-controversy jurisdictional requirement of CAFA is satisfied. *See* 28 U.S.C. § 1332(d)(2); *see, e.g., Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) ("[T]he amount in controversy is the 'amount *at stake* in the underlying litigation' . . . [it] does not mean likely or probable liability; rather, it refers to possible liability." (citation omitted)); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." (citations omitted)).

24. CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). The amount in controversy is first determined by reviewing the allegations of the operative complaint. *See Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."). Where a complaint does not state a dollar amount, a defendant's notice of removal under CAFA need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

25. Here, Plaintiff alleges that she intends to pursue statutory damages under the CCPA on behalf of herself and the entire putative class. Compl. ¶ 142. Although the Complaint does not identify the total classwide damages that Plaintiff seeks, Plaintiff alleges that there are "thousands of Class Members" who had their PII exposed in the Security Incident, on whose behalf Plaintiff will seek statutory damages ranging from $100 to $750 each under the CCPA. *See id.* ¶ 157; Cal. Civ.

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

Code § 1798.150(a)(1)(A). Plaintiff also alleges that she intends to pursue actual damages to redress "fraud and identity theft, time and expenses related to monitoring their financial accounts for fraudulent activity, an increased, imminent risk of fraud and identity theft; loss of value of their PII; overpayment for Caesars' services; loss of the value of access to their PII; and the value of identity protection services made necessary by the Data Breach." Compl. ¶ 157. Even setting aside any value for "actual damages," it would take fewer than 7,000 class members to reach the $5 million CAFA threshold based on the high end of the CCPA's statutory damages range alone, and the proposed class here is many times that size.

26. In addition, Plaintiff seeks other relief such as (i) "restitution of property"; (ii) "attorneys' fees and litigation costs"; (iii) "[i]njunctive relief" requiring Caesars to "strengthen its data security systems and procedures," "submit to future annual audits of those systems by a Court-appointed independent auditor," and "delete PII that Caesars no longer needs for processing services previously provided to Class Members;" (iv) punitive damages; and (v) "payment for a robust set of identity protection services, including credit monitoring." Compl. ¶¶ 108, 158, Prayer for Relief; *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract."). The injunctive and equitable remedies that Plaintiff seeks must be taken into consideration when assessing the total amount in controversy. *See, e.g.*, *Anderson v. SeaWorld Parks & Entm't, Inc.*, 132 F. Supp. 3d 1156, 1164 (N.D. Cal. 2015) (including value of future ticket sales that would be lost as the result of having to modify purportedly deceptive advertising in determining amount in controversy).

27. Based on all of the relief demanded by Plaintiff, the amount in controversy based on Plaintiff's demand easily exceeds CAFA's $5,000,000 threshold, exclusive of interest and costs, and satisfies CAFA's amount in controversy requirement. *See* 28 U.S.C. § 1332(d)(2).

/ / /

/ / /

/ / /

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

## IV. THIS COURT IS THE PROPER VENUE

28. Removal to this judicial district is proper under 28 U.S.C. § 1441(a), because it embraces the place where Plaintiff filed the action: Clark County, Nevada. *See* 28 U.S.C. § 108; 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a).

## V. COMPLIANCE WITH REMOVAL PROCEDURE

29. Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as Exhibits A-D are true and correct copies of the Complaint and all process, pleadings, and orders served upon Caesars to date in this matter:

a. A copy of the Complaint is attached hereto as **Exhibit A.**

b. A copy of Plaintiff's Demand for a Jury Trial is attached hereto as **Exhibit B.**

c. A copy of the Summons is attached hereto as **Exhibit C.**

d. A copy of the Acceptance of Service is attached hereto as **Exhibit D.**

30. Caesars has not filed an answer or other response to the Complaint in the Eighth Judicial District, Clark County, Nevada prior to removal and is not aware of any pending motions filed in that court.

31. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

32. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy, along with a notice of filing of the notice of removal, is being filed with the Clerk of Eighth Judicial District, Clark County, Nevada.

33. Caesars reserves the right to amend or supplement this Notice of Removal. Caesars further reserves all rights and defenses, including, but not limited to, those available under the Federal Rules of Civil Procedure.

/ / /

/ / /

/ / /

/ / /

/ / /

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

## VI. CONCLUSION

Caesars respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Eighth Judicial District, Clark County, Nevada.

DATED: April 13, 2026.

McDONALD CARANO

By: *<u>/s/ Adam Hosmer-Henner</u>*

Adam Hosmer-Henner (NSBN 12779)
100 West Liberty Street, Tenth Floor
Reno, Nevada 89501
ahosmerhenner@mcdonaldcarano.com

Serrin Turner (*pro hac vice* to be filed)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10022
serrin.turner@lw.com

*Attorneys for Defendant Caesars Entertainment, Inc.*